UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:24-CV-95-KAC-DCP |
| TENNESSEE VALLEY AUTHORITY, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Tennessee Valley Authority's "Motion for Summary Judgment" [Doc. 30]. Because Plaintiff Southern Environmental Law Center has failed to identify specific evidence at summary judgment tending to show that it has standing, the Court grants Defendant's Motion in part and dismisses this action without prejudice.

Plaintiff requested documents from Defendant under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") [Doc. 30-1 at 3 (Declaration of Buddy Eller ("Eller Decl.") ¶ 8)]. After Defendant failed to timely respond to its request, Plaintiff filed suit [*See* Docs. 1, 25 at 5-6]. In its unverified Complaint, Plaintiff alleged that Defendant (1) failed to comply with FOIA's timelines, (2) failed to conduct an adequate search, and (3) improperly withheld responsive documents [*See* Doc. 1]. Plaintiff also alleged that Defendant's purported FOIA violations "hampered" Plaintiff "in its efforts to effectively advocate on behalf of itself and [other] organizations" [*See id.* ¶ 11].

Defendant moved to dismiss the Complaint "for lack of subject matter jurisdiction" [Doc. 14]. The Court denied that Motion, concluding that, "at th[e] time," the Court had subject matter jurisdiction [Doc. 25 at 9]. Thereafter, Defendant filed a "Motion for Summary

Judgment" [Doc. 30], arguing, among other things, that "Plaintiff lacked Article III standing" [Doc. 31 at 11].

Federal Rule of Civil Procedure 56 requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, the Parties do not dispute the salient facts. As such, the Court resolves a purely legal question: does Plaintiff have standing?

The Constitution limits the judicial power to resolving "[c]ases" and "[c]ontroversies." *See* U.S. Const. art. III § 2. Article III allows federal courts to resolve concrete disputes, not issue advisory opinions. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). To satisfy Article III, a plaintiff requires "standing." *See Fox. v. Saginaw Cnty.*, 67 F.4th 284, 292-93 (6th Cir. 2023) (citation omitted). As pertinent here, to have standing, a plaintiff must "have suffered an injury." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). That is, a plaintiff must have suffered a "concrete and particularized," "actual or imminent" "invasion of a legally protected interest." *See Merck v. Walmart, Inc.*, 114 F.4th 762, 773 (6th Cir. 2024) (citations omitted).

Plaintiff relies on a purported "informational injury" to attempt to establish standing. The Supreme Court has previously suggested that plaintiffs can establish an injury by showing that they "sought and were denied specific agency records" under FOIA. *See Pub. Citizen v. Dep't of Just.*, 491 U.S. 440, 449 (1989). But in *TransUnion LLC v. Ramirez*, the Supreme Court made clear that "an 'asserted informational injury that causes no adverse effects cannot satisfy Article III.'" 594 U.S. 413, 442 (quoting *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1004 (11th Cir. 2020)). Post-*TransUnion*, the United States Court of Appeals for the Sixth Circuit has confirmed that "denial of information, without more" is insufficient to establish standing. *See Merck*, 114 F.4th at 775; *see also Grae v. Corrs. Corp. of Am.*, 57 F.4th 567, 570 (6th Cir.

2

2023) ("[A] plaintiff claiming an informational injury must have suffered adverse effects from the denial of access to information." (collecting cases)). Put simply:

> All this boils down to a fine line between an injury involving merely the denial of information subject to mandatory disclosure by statute—insufficient for standing—and a denial of information that causes "downstream consequences"—sufficiently concrete to establish standing.

*Merck*, 114 F.4th at 776. Because standing is rooted in the Constitution, the rule applies "across all cases," including this FOIA case. *See id*.

At the initial pleading stage, a plaintiff has the burden to "plausibly assert standing." *Christian Healthcare Ctrs., Inc. v. Nessel*, 117 F.4th 826, 849 (6th Cir. 2024) (citation omitted). The Court "assume[s] that the plaintiff's theory of the *merits* of the argument is correct." *See Merck*, 114 F.4th at 772 (citation omitted). But at summary judgment, a plaintiff "must present enough evidence to create a genuine issue of material fact over each standing element." *See Davis v. Colerain Twp.*, 51 F.4th 164, 171 (6th Cir. 2022) (citation omitted). As relevant here, a plaintiff "must point to specific evidence tending to prove" that it "has an interest in using the withheld information . . . for some purpose beyond" a "statutory right to receive it." *See Merck*, 114 F.4th at 776. This, Plaintiff has not done.

Even assuming Plaintiff is correct on the merits of its FOIA claims, it has not established standing at summary judgment. When Plaintiff filed its unverified Complaint, it alleged that Defendant's purported FOIA violations "hampered" Plaintiff's "efforts to effectively advocate on behalf of itself" and others [Doc. 1 ¶ 11]. That allegation was enough to "plausibly assert standing" at the initial pleading stage. *See Christian Healthcare Ctrs., Inc.*, 117 F.4th at 849.

But things changed at summary judgment. For one, "an unverified complaint does not provide competent evidence at summary judgment." *See Brinkley v. Hamilton, Cnty.*, No. 24-

3

Case 3:24-cv-00095-KAC-DCP   Document 37   Filed 06/27/25   Page 3 of 4   PageID #: 335

5766, 2025 WL 884076, at *2 (6th Cir. March 21, 2025) (citing *King v. Harwood*, 852 F.3d 568, 577-78 (6th Cir. 2017)) (second citation omitted). For another, Plaintiff "must present enough evidence to create a genuine issue of material fact" regarding whether it has an injury. *See Davis*, 51 F.4th at 171 (citation omitted). And Plaintiff presents no specific facts or competent evidence— no affidavit, declaration, testimony, or exhibit—indicating that it "suffered adverse effects from" Defendant's alleged FOIA violations. *See Merck*, 114 F.4th at 775-76; *see also Grae*, 57 F.4th at 570. So, at summary judgment, Plaintiff fails to show an injury sufficient to confer standing.

This result may seem unsatisfying. Defendant did not clearly identify the precise standing defect here [*See* Doc. 31 at 9-10]. Plaintiff might have been able to file an affidavit or declaration saving it from this fate. And if Plaintiff lawfully refiles this action, after remedying the constitutional defect, the action would be reassigned to the undersigned. *See* E.D. Tenn. L.R. 3.2(d)(1). But the law dictates this result, and the Court finds comfort there.

For the above reasons, the Court **GRANTS** Defendant Tennessee Valley Authority's "Motion for Summary Judgment" [Doc. 30] **in part** and **DISMISSES** this action **without prejudice**. An appropriate judgment shall enter.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge