UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

SOUTHERN ENVIRONMENTAL LAW
CENTER,
Plaintiff,

v.  No. 3:24-CV-00095-KAC-DCP

TENNESSEE VALLEY AUTHORITY,
Defendant.

### TENNESSEE VALLEY AUTHORITY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Steven C. Chin (TN BPR 030011)
Sydney D. Nenni (TN BPR 038898)
Office of the General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone 865.632.3052
scchin@tva.gov

Attorneys for Tennessee Valley Authority

Plaintiff Southern Environmental Law Center has asked the Court to reconsider its June 27, 2025 Order, which dismissed Plaintiff's Freedom of Information Act ("FOIA") action without prejudice for lack of standing. Plaintiff's motion fails to meet the standard required for reconsideration because it does not demonstrate how this Court committed any clear error of law or how its Order resulted in manifest injustice. Although Plaintiff's motion is premised on the argument that FOIA lowers the standing requirements under Article III of the U.S. Constitution, this argument is unsupported by the applicable law. Plaintiff must still satisfy Article III's requirements as construed by the Supreme Court. And Plaintiff's ever-changing and unduly expansive interpretation of its FOIA request demonstrates that the request was undefined in scope, rendering any alleged injury unspecified and abstract. As result, the Court correctly found that Plaintiff's operative complaint fails to allege any sufficiently distinct injury to confer standing. Plaintiff's motion for reconsideration should be denied.

## BACKGROUND

Plaintiff's FOIA request sought records relating to TVA's Energy Program Potential Study (the "Energy Study") (Ex. 1 to Compl., Doc. 1-1 at PageID#13). On April 4, 2024, TVA filed a motion to dismiss for lack of subject matter jurisdiction on bases of ripeness and mootness: (1) Plaintiff could not have constructively exhausted its remedies when the central record, the Energy Study, did not exist at the time of the complaint, and (2) after the Energy Study was published, TVA's release of that agency record mooted any further case or controversy. (Doc. 15 at PageID##138–39.) The Court denied TVA's motion to dismiss, holding that Plaintiff had constructively exhausted its administrative remedies, but postponed any ruling on TVA's challenges to Plaintiff's substantive claims as alleged in Plaintiff's complaint. (Doc. 25 at PageID#210–12.)

After the Energy Study became available and TVA released it with related records, the parties filed competing motions for summary judgment. (Docs. 28 & 30.) TVA argued that Plaintiff did not proffer any legal authority that its "anticipatory inadequate search claim" supported Article III standing thus depriving "this Court [of] subject-matter jurisdiction." (Doc. 31 at PageID##274–75.) TVA noted that even after TVA "fully responded to Plaintiff's FOIA request, Plaintiff ha[d] not amended its complaint," indicating that TVA's release of agency records rendered Plaintiff's initial complaint defective. (*Id.* at PageID#275.) TVA advised, as this Court's Order had, that Plaintiff should amend its complaint to include new facts developed through litigation and plausible allegations of specific injuries. Ultimately, this Court held that Plaintiff's unamended and operative complaint failed to sufficiently allege injury for Plaintiff to have constitutional standing. (Order, Doc. 37 at PageID#336.) On July 24, 2025, Plaintiff filed the present motion challenging the Court's Order pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). (Doc. 39.)

**LEGAL STANDARD**

A motion for reconsideration of a final judgment is often analyzed as a motion to alter or amend a judgment under Federal Rule Civil Procedure 59(e), which asks the court to reconsider matters "properly encompassed in a decision on the merits." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *White v. New Hampshire Dept. of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Three situations justify altering or amending a court's judgment: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) a clear error of law or manifest injustice. *GenCorp, Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Only the third is relevant here. Demonstrating a "clear error of law" is held to a high standard. *Clark v. Memphis Animal Servs.*, No. 2:22-CV-02641-JTF-ATC, 2024 WL 5075641, at *1 (W.D. Tenn. Dec. 11, 2024). A court must find it "wholesale disregarded, misapplied, or failed to recognize controlling precedent." *Id.*

2

Rule 59(e) does not permit an unhappy litigant to relitigate matters previously raised; nor is it a substitute for appeal. *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007). Based on the grounds for altering judgment and the policy in favor of finality, Rule 59(e) motions "typically are denied." *Manuli Stretch USA, Inc. v. Pinnacle Films, Inc.*, No. 4:06-CV-78, 2010 WL 11485016, at *1 (E.D. Tenn. Jan. 8, 2010). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse. *Scotts Co. v. Cen. Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir. 2005).

Federal Rule of Civil Procedure 60(b)(1) allows courts to provide relief from a judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) applies to mistakes that amount to excusable neglect but not to actions that are deliberate and intentional. *Federal's Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977) (explaining that deliberate choice was not the type of "mistake" contemplated by Rule 60(b)(1).). Although Plaintiff's motion also cites to Rule 60(b)(1), Plaintiff's motion relies exclusively on its argument that the Court committed a clear error of law under Rule 59(e). (*See* Doc. 40 at PageID##345–47, 354, 356.) Therefore, only Rule 59(e) governs Plaintiff's motion for reconsideration.

**ARGUMENT**

Plaintiff posits two arguments in support of its contention that this Court committed an error of law under Rule 59(e): (1) the Court granted TVA's motion for summary judgment on grounds not raised by the parties without providing notice and opportunity for Plaintiff to respond (Doc. 40 at PageID#346), and (2) the Court clearly erred by failing to apply controlling Supreme Court precedent on the requirement for standing (*id.* at PageID#348). Both are wrong.

## I. This Court Committed No Reversible Error.

This Court has a fundamental and independent requirement to dismiss *sua sponte* an action for lack of subject matter jurisdiction even when no notice or opportunity to respond was provided. *Durham v. Haslam*, 528 F. App'x 559, 565 (6th Cir. 2013). In *Durham*, the Sixth Circuit found that the district court did not abuse its discretion when it dismissed an action "without warning" because "'federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*[.]'" *Id.* (quoting *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir.2009)). The Sixth Circuit noted that while it would have been "better practice [. . .] to issue a show cause order first," it found no reversible error in dismissing the case without notice. *Durham*, 528 F. App'x at 565.

Even if this Court was required to provide notice and opportunity under Federal Rule of Civil Procedure 56(f), Plaintiff is wrong that it did not have notice nor opportunity.

TVA has, at several points in the litigation, challenged this Court's exercise of subject matter jurisdiction. (Doc. 14; Doc. 31 at PageID#275) While TVA's initial jurisdictional challenges primarily concerned ripeness and mootness, which are different than Plaintiff's lack of standing, these three grounds are interrelated to justiciability under Article III of the U.S. Constitution. But they differ in timing: standing addresses injury presence, ripeness addresses injury readiness for adjudication, and mootness address whether any case remains. *See* 13B Wright & Miller, Fed. Prac. & Proc. Juris. § 3532.1 (3d ed.)

But after this Court denied TVA's first dispositive motion, and after TVA released the central record that did not exist at the time Plaintiff filed its lawsuit, TVA filed its cross-motion for summary judgment specifically arguing that Plaintiff's did not have "Article III standing today any more than it [did] when TVA filed its reply brief [in its initial dispositive motion]." (Doc. 31 at PageID#275.) Contrary to Plaintiff's argument that this Court dismissed on grounds not raised

by the parties without notice and opportunity, Plaintiff did in fact respond in its opposition brief to TVA's motion for summary judgment arguing in a section titled "**III. SELC has standing**" that it had "standing to bring this action[.]" (Doc. 32 at PageID#301 (emphasis in the original).) TVA further argued in its reply that Plaintiff's overly broad and "post-hoc expansion of its initial FOIA request" rendered the scope of its FOIA request undefined. (Doc. 35 at PageID#324–25("Plaintiff impermissibly bootstraps its request for all records related to the Energy Study to all records related to companion studies.").) Throughout this lawsuit, Plaintiff kept redefining and expanding the scope of its FOIA request. Without a clearly defined scope for its FOIA request, it was unclear what present injuries Plaintiff allegedly suffered. *Cf. Ctr. for Immigr. Stud. v. U.S. Citizenship & Immigr. Servs.*, 628 F.Supp.3d 266, 275 (granting agency's motion for summary judgment because the FOIA request was unduly burdensome and boundless and thus failed to comply with FOIA's "reasonably describe" requirement). Throughout the litigation, TVA challenged the Court's jurisdiction on ripeness, standing, and mootness. And Plaintiff was well-aware of and opposed to TVA's challenges to justiciability.

Plaintiff's motion for reconsideration impermissibly asks this Court to revisit matter previously argued. *See Roger Miller Music*, 477 F.3d at 395 (explaining that Rule 59(e) does not permit litigants to reargue matters previously raised). As such, the Court correctly held that Plaintiff's initial, unamended, and therefore, operative complaint failed to show any present injury to confer standing. (Doc. 37 at PageID#336.)

Plaintiff is wrong that the Court did not provide Plaintiff with opportunity. The Court specifically invited Plaintiff to re-file its complaint to cure its jurisdictional defect. (*Id.*)

Accordingly, this Court committed no reversible error when it dismissed Plaintiff's action without prejudice and invited Plaintiff to re-file its Complaint to cure its deficiencies.

**II.     This Court Properly Applied Controlling Supreme Court Precedent.**

Plaintiff erroneously interprets the Court's Order as being "premised on the notion that the Supreme Court, without saying so, overturned *Public Citizen* [*v. D.O.J.*, 491 U.S. 440, 449 (1989)] in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021)." (Doc. 40 at PageID#344.) However, the Court's decision does not overturn *Public Citizen* but appropriately contextualized *Public Citizen* to the facts of this case. While Plaintiff correctly notes that, in *Public Citizen*, the Supreme Court never suggested that a plaintiff needed to "show more than that they sought and were denied *specific* agency records" under FOIA, the factual differences between this case and *Public Citizen* support this Court's ruling.

In *Public Citizen*, the Department of Justice sought the advice of the American Bar Association's Standing Committee on Federal Judiciary ("ABA Committee") regarding potential nominees for federal judgeships. 491 U.S. at 443. Public Citizen intervened on behalf of the Washington Legal Foundation ("WLF"), the FOIA requester, after the ABA Committee refused WLF's request for the names of the judicial nominees and related records. *Id.* at 447. The Supreme Court noted that the ABA Committee's stance was tantamount to "denying [the requesters] access to *all* meetings and papers" and "excus[ing] noncompliance with [Federal Advisory Committee Act's (FACA)] other provisions." *Id.* at 450 (emphasis in the original). The Supreme Court concluded that Public Citizen had standing because it sought specific records and the DOJ's refusal prevented it from "scrutiniz[ing] the ABA Committee's activities to the extent FACA allows [which] constitutes a *sufficiently distinct injury* to provide standing to sue." *Id.* at 449 (emphasis added). Unlike the ABA Committee in *Public Citizen*, TVA did not wholesale deny agency records to Plaintiff but in fact released the central record requested, the Energy Study (along with related records), after the Energy Study became available.

Plaintiff argued that this Court's Order misinterpreted *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), as overturning *Public Citizen*. (Doc. 40 at PageID##350-54.) But the Court's reliance on *TransUnion*, and also on *Merck v. Walmart, Inc.*, 114 F.4th 762, 773 (6th Cir. 2024), did not raise or otherwise change *Public Citizen's* requirement that standing required a "sufficiently distinct injury." Plaintiff brought a claim for constructive exhaustion, which attacks TVA's failure to respond within FOIA's statutory time frame. But TVA's failure to timely respond does not equal a wholesale denial of records like in *Public Citizen*. Once TVA fully responded (Doc. 12-2.), Plaintiff could no longer claim that TVA denied Plaintiff's FOIA request or establish it suffered "sufficiently distinct injury to provide standing to sue" like in *Public Citizen*. *Public Citizen,* 491 U.S. At 449. This Court therefore correctly concluded, based on the applicable law and TVA's subsequent release of agency records, that by leaving its Complaint unamended Plaintiff lacked Article III standing at the summary judgment stage of the litigation because it is unclear what sufficiently distinct injuries Plaintiff allegedly suffered.

Plaintiff also cannot demonstrate how this Court's dismissal of Plaintiff's unamended Complaint resulted in manifest injustice under Rule 59. Dismissal without prejudice does not qualify as manifest injustice under Rule 59. *See Moore v. Coffee Cnty., TN*, 402 F. App'x 107, 109 (6th Cir. 2010) (dismissal without prejudice does not qualify as manifest injustice even if the statute of limitations barred plaintiff's claims).

## CONCLUSION

For these reasons stated and based upon the authorities cited above, Plaintiff's motion for reconsideration of this Court's June 27, 2025 Order should be denied.

Respectfully submitted,

*s/Steven C. Chin*
Steven C. Chin (TN BPR 030011)
Sydney D. Nenni (TN BPR 038898)
OFFICE OF THE GENERAL COUNSEL
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone 865.632.3052
scchin@tva.gov

Attorneys for Tennessee Valley Authority

132049468

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically through the Court's ECF system on the date shown in the document's ECF footer. Notice of this filing will be sent by operation of the Court's ECF system to all parties as indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

*s/ Steven C. Chin*
Attorney for Tennessee Valley Authority
